UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald O. Christenson and
Anita R. Christenson,　　　　　　　　　　　Civil 07-4175 JRT/FLN

　　　　　Plaintiffs,

　　　　　v.　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Internal Revenue Service and
James S. Barker,

　　　　　Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on May 30, 2008, on the Defendants' Motion to Dismiss and for Entry of Judgments by Default [#42]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. A week after the hearing, the Court became aware that on May 15, 2008, the Plaintiffs had sought the protection of the Bankruptcy Court. As Defendant was pursuing a counterclaim against the Plaintiffs, on August 5, 2008, the Court entered an order staying this case prusuant to the automatic stay that arises in bankruptcy proceedings [#52].

On October 29, 2010, the Bankruptcy Court entered judgment denying Plaintiffs a discharge under the Bankruptcy Code for concealing property of the estate.

On November 2, 2010, this Court scheduled a case management conference to occur on December 15, 2010. Thereafter, the IRS and Plaintiff Anita Christenson both contacted the Court through letters. The Court concluded from the parties' letters that a case management conference was unnecessary, and that the motion heard in May of 2008 was <u>now</u> ripe for resolution.

For the reasons that follow, this Court recommends that Defendants' motion be granted.

**I. FINDINGS OF FACT**

### A. Plaintiffs' Claims

Plaintiffs initiated this action in Grant County District Court on September 6, 2007. (*See* Compl., Docket No. 1.) Plaintiffs bring this action against Defendants to vacate tax liens recorded on their property. (*Id.*) The liens were recorded in Grant County, Minnesota, on December 1, 1998, by Internal Revenue Officer James S. Barker. (*Id.*) Plaintiffs allege that these liens improperly cloud the title to their property and must be vacated. (*Id.*)

### B. Defendants' Counterclaims

In their answer, filed on October 30, 2007, Defendants brought counterclaims against Plaintiffs. (*See* Answer, Docket No. 9.) The counterclaims seek to reduce federal tax assessments to judgment, to quiet title to real and personal property, and to foreclose federal tax liens against property. (*Id.*) The Plaintiffs' responsive pleading to the counterclaim was due by November 19, 2007. Plaintiffs filed no response to the counterclaim. On December 4, 2007, Defendants filed an Application for Entry of Default [#18]. On December 6, 2007, the Clerk of Court filed an Entry of Default [#22]. The Plaintiffs have still not filed any responsive pleadings. Instead, the Plaintiffs have returned any documents that have been sent to them with a notation that they refuse the documents. (*See* Docket No. 15, 16, 17, 23, 33, 39, 40, 41.)

With this motion, Defendants have submitted the Declaration of Beth A. Wilkie. (See Wilkie Decl., Docket No. 45.) Attached to the Declaration of Beth A. Wilkie are the Certificates of Assessments and Payments and transcripts of account reflecting the unpaid balances of the assessments and the accrued, but unassessed, penalties and interest, which support the federal tax assessments that Defendants seek to reduce to judgment. (*Id.*)

## II. CONCLUSIONS OF LAW

### A. Government's Motion to Dismiss

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See Marine Equipment Management Co. v. U.S.*, 4 F.3d 643, 646 (8th Cir. 1993), *citing Bender v. Williamsport Area High School Dist.*, 475 U.S. 534, 541 (1986). A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. *See Bradley v. American Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992). When it appears the court lacks jurisdiction, jurisdiction may not be waived. *See Agrashell Inc. v. Hammons Products Co.*, 352 F.2d 443, 447 (8th Cir. 1965). The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate. *V.S. Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

The jurisdiction of this Court over a suit against the United States is limited to the terms of the consent by the United States, which includes any limitation as to when a suit may be brought. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citing *United States v. Mottaz*, 476 US. 834, 841 (1986)). The United States consents an action to quiet title under 28 U.S.C. § 2410(a)(1). However, an action to quiet title under § 2410 must be brought within six years of the time that the right to bring such an action accrues. 28 U.S.C. 2401(a); see also *Miller v. Tony & Susan Alamo Found.* 134 F.3d 910, 915 (8th Cir. 1998) (applying the statute of limitations in §2401 to §2410). The liens were filed on December 1, 1998, and this action was not brought until September 6, 2007. Since this action was not brought within the six-year statute of limitations, this Court does not have subject matter jurisdiction and Plaintiffs' claims must be dismissed.

### B. Government's Motion for Entry of Judgment by Default

Federal Rule of Civil Procedure 55 provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default. Fed. R. Civ. Proc. 55. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Fed. R. Civ. Proc. 55(b)(1). It appears to the Court, from the absence of any responsive pleading in the file, that the Christensons have failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure. The claim sought by the Internal Revenue Service is for a sum certain that can be easily determined. Accordingly, the Internal Revenue Service's motion for default judgment should be granted. The unpaid balance of assessments, accrued penalties and interest, set forth in the Declaration of Beth Wilkie, paragraph 7, shall be reduced to judgment. (See Wilkie Decl. ¶7.)

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Internal Revenue Service's motion to dismiss and motion for entry of judgment by default [#42] be **GRANTED**.

DATED: December 23, 2010.
                 *S/ Franklin L. Noel*
                 FRANKLIN L. NOEL
                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 6, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 6, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and therefore is not appealable to Court of Appeals.