# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALD O. CHRISTENSON and ANITA R. CHRISTENSON, | Civil No. 07-4175 (JRT/FLN) |
| Plaintiffs/Counter Defendants, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| INTERNAL REVENUE SERVICE, | |
| Defendant/Counter Claimant, | |
| JAMES A. BAKER, *individually*, | |
| Defendant. | |

Gerald O. Christenson, Sherburne County Jail, 13880 Highway 10, Elk River, MN 55330, pro se plaintiff;

Anita R. Christenson, 25896 County Road 1 E, Wendell MN 56590, pro se plaintiff.

Mary E. Bielefeld, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION,** CTS, Central Region, P.O. Box 7239, Ben Franklin Station, Washington, DC 20044, for defendants.

Plaintiffs Gerald O. Christenson and Anita R. Christenson ("plaintiffs") brought this action against the Internal Revenue Service ("IRS") and James A. Baker, an Internal Revenue Officer with the IRS ("defendants"), to vacate tax liens recorded on their property. Defendants moved to dismiss plaintiffs' complaint, counterclaimed against plaintiffs, and moved for a default judgment for failure to reply to the counterclaims or

provide discovery.   Magistrate Judge Franklin L. Noel issued a Report and Recommendation recommending that defendants' motions be granted.   Because the statute of limitations for plaintiffs' claims have passed, and because plaintiffs failed to file responsive pleadings to counterclaims and court orders, the Court overrules plaintiffs' objections, adopts the Report and Recommendation of the Magistrate Judge, and grants defendants' motion to dismiss and for entry of a default judgment.

## BACKGROUND

Plaintiffs brought this action in Grant County District Court on September 6, 2007. (Notice of Removal, Ex. 1, Docket No. 1.)   The liens at issue were recorded in Grant County, Minnesota, on December 1, 1998, by Baker.   (*Id.*)   Plaintiffs claim the liens create a cloud on the property's title that has negatively impacted their credit rating, and have deprived plaintiffs of their rights to due process and violated Minnesota law.   (*Id.*) Defendants removed the case to this Court on October 4, 2007.   (Docket No. 1.)   On October 30, 2007, defendants filed their answer to plaintiffs' complaint, along with counterclaims to reduce federal tax assessments to judgment, to quiet title to real and personal property, and to foreclose federal tax liens against the property.   (Answer and Counterclaims ¶ 1, Docket No. 9.)   Plaintiffs' response to the counterclaims was due by November 19, 2007 but was not filed.   Accordingly, on December 4, 2007, defendants filed an Application for Entry of Default.   (Docket No. 18.)   The Clerk of Court filed an Entry of Default on December 6, 2007.   (Docket No. 22.)   Plaintiffs have yet to file any responsive pleadings, and have returned all documents sent to them with the statement

"refusal for cause without dishonor and without recourse to me."  (Docket Nos. 15, 16, 17, 23, 29, 32, 33, 39, 40, and 41.)

On April 10, 2008, defendants filed a motion to dismiss for lack of jurisdiction and for entry of judgment by default.  (Docket No. 42.)  On May 15, 2008, plaintiffs sought the protection of the Bankruptcy Court.  On August 6, 2008, this Court stayed the case pursuant to the automatic stay that arises in bankruptcy proceedings.  (Docket No. 52.)  On October 29, 2010, the Bankruptcy Court entered judgment denying plaintiffs a discharge under the Bankruptcy Code.  (Docket No. 53.)  Both parties subsequently sent letters to this Court: Anita Christenson stated she could not drive to the Court and asked if she could be contacted by phone or in writing; defendants requested that the Court order the parties to meet for a case management conference.  (Docket Nos. 56, 57.)  Magistrate Judge Franklin L. Noel concluded that a case management conference was unnecessary, and that the motion to dismiss initially filed and heard in 2008 was presently ripe for resolution.   (Docket No. 58; *see also* Report & Recommendation at 1, Docket No. 59 ("The Court concluded from the parties' letters . . . that the motion heard in May 2008 was <u>now</u> ripe for resolution.").)  The Magistrate Judge issued a Report and Recommendation on December 23, 2010, recommending that the Court grant defendants' motion to dismiss because an action to quiet title must be brought within six years of the accrual of the action, which did not occur.  The Magistrate Judge further recommended granting the motion for a default judgment because plaintiffs have failed to file a responsive pleading to the motion for default.  (Report & Recommendation at 4, Docket No. 59.)  Plaintiffs filed a timely objection, arguing that Gerald Christenson is mentally

incompetent and thus unable to properly address the issues in the case.  (Docket No. 60.)

This Court reviews the challenged portions of a Report and Recommendation de novo

under 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.2.

## ANALYSIS

Defendants moved to dismiss plaintiffs' complaint for lack of subject matter

jurisdiction, lack of personal jurisdiction over Baker individually, and failure to state a

claim upon which relief can be based.  (Docket No. 42); *see also* Fed. R. Civ. P. 12(b)(1),

(2), and (6).  The Court has "the right and duty to raise and determine [its] subject matter

jurisdiction at any time."  *Borntrager v. Cent. States Se. & Sw. Areas Pension Fund*, 577

F.3d 913, 919 (8th Cir. 2009).  The United States consents to an action to quiet title under

28 U.S.C. § 2410(a)(1).  However, such an action must be brought within six years of the

time that the right to bring such an action accrues.  *Miller v. Tony and Susan Alamo*

*Found.*, 134 F.3d 910, 915 (8th Cir. 1998) (applying the six year statute of limitations in

28 U.S.C. § 2401(a) to actions under § 2410).  The liens at issue were filed on December

1, 1998 but plaintiffs did not file this action until September 6, 2007, a time period longer

than six years.  Because plaintiffs' claim is untimely, the action is barred under 28 U.S.C.

§ 2401 and § 2410, and the Court grants defendants' motion to dismiss.

Defendants also moved for entry of a default judgment.  (Docket No. 42.)  "When

a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

Further, "[i]f the plaintiff's claim is for a sum certain . . . the clerk . . . must enter

judgment for that amount and costs against a defendant who has been defaulted for not

appearing and who is neither a minor nor an incompetent person."   Fed. R. Civ. P. 55(b)(1).   The Magistrate Judge recommended granting the motion for a default judgment as plaintiffs have failed to file any responsive pleadings.   Plaintiffs object that Gerald Christenson is unable to address the issues in this case because he is mentally incompetent.  (Docket No. 60.)

Whether a person is mentally incapable can be evaluated by analyzing "whether or not that person can fairly and reasonably understand the matter he is considering.   A person is competent if he has the capacity or ability to understand to a reasonable extent the nature and effect of what he is doing."  *Krueger v. Zoch*, 173 N.W.2d 18, 20 (Minn. 1969); *see also Taylor v. United States*, 113 F. Supp. 143, 148 (W.D. Ark. 1953) (holding that to demonstrate mental incompetence, an individual must show by a preponderance of the evidence that he lacks the "mental capacity to retain in his memory, without prompting, the extent and condition of his property and to comprehend how he is disposing of it, and to whom, and upon what consideration . . . .")  *aff'd sub nom. Taylor v. Taylor*, 211 F.2d 794 (8th Cir. 1954).

Plaintiffs' only evidence of incompetence consists of a letter from Dr. Robert A. Vennerstrom, one of his doctors, stating that "[Gerald Christenson] carries a diagnosis of severe depression and anxiety, and possible early dementia . . ." and "I do not think he is really competent to manage his financial affairs because of this."   (Docket No. 60.) While Mr. Christenson may have mental challenges, Dr. Vennerstrom's letter is insufficient to establish mental incompetence.  The statements from Dr. Vennerstrom do

not demonstrate that Gerald Christenson cannot fairly or reasonably understand this matter or retain information about the extent and condition of his property.

Plaintiffs' claims were filed after the statute of limitations had expired, and plaintiffs have not filed responsive pleadings or complied with various discovery orders. Further, plaintiffs have failed to demonstrate that Gerald Christenson is mentally incompetent.   Thus, the Court overrules plaintiffs' objection, adopts the Report and Recommendation of the Magistrate Judge, and grants defendants' motion to dismiss and for a default judgment.

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiffs' objection [Docket No. 60] and **ADOPTS** the Report and Recommendation of Magistrate Judge Franklin L. Noel [Docket No. 59].  Accordingly, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss and For Entry of Judgments By Default [Docket No. 42] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


DATED: July 13, 2011                    _____ s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                       United States District Judge